UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLASSIFIED VENTURES, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 06 C 2373 |
| v. | ) ) | Judge John W. Darrah |
| WRENCHEAD, INC., a New York corporation d/b/a WRENCHEAD.COM, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Classified Ventures, Inc., filed suit against Defendant, Wrenchead, Inc. d/b/a Wrenchead.com, alleging a breach of contract claim. Presently before the Court is Wrenchead's Motion for Summary Judgment.

Classified did not file a response to Wrenchead's proposed undisputed statement of material facts. Therefore, all the material facts averred by Wrenchead are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). However, Wrenchead's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

In the spring of 2000, Classified and Wrenchead entered into an agreement with respect to Internet advertising to be placed on one of several websites that Classified maintained. The agreement, an "Advertising Insertion Order," called for such advertising to run for a period of six months, with payments of $30,000 to be paid monthly. The agreement stated that the Insertion Order was subject to the terms and conditions attached as Exhibit A, entitled "Standard Terms for

Advertising." (Def.'s 56.1(a)(3) Statement ¶ 3). The agreement provided that certain changes to the agreement be in writing, *i.e.*, waiver of the agreement's provisions, additions to the agreement, or modifications. The agreement did not state that termination or cancellation be memorialized in written form. (Id., ¶ 4). The agreement provided that the agreement would be governed by Illinois law. (Id., ¶ 5).

Not long after Classified and Wrenchead entered into the agreement, Wrenchead realized that the advertising campaign was not running on the Classified website as it envisioned. Thereafter, Sarah Keating, Wrenchead's Director of Affiliate Sales, had several conversations with her counterpart at Classified, Martin Berman. Keating explained to Berman the situation and requested that the parties agree that the agreement between them be cancelled. Berman indicated that he did not "have a problem" with agreeing to cancel the agreement, but he had to check with his "boss." After checking with his "boss," Berman confirmed that "it wouldn't be a problem" to cancel the agreement. (Def.'s 56.1(a)(3) Statement ¶ 6; Keating dep. pp. 33-34). Shortly after his conversations with Keating, Berman left Classified's employ. At his deposition, Berman "could not recall" the substance of his conversations with Keating. (Id., ¶ 7).

Following Berman's departure, Classified sought payment under the agreement from Wrenchead. On November 30, 2001, following non-payment by Wrenchead, Classified filed suit in the name of Cars.com in the Supreme Court of the State of New York. (Def.'s 56.1(a)(3) Statement ¶ 8). After the close of discovery in the New York action, Wrenchead moved for summary judgment on the grounds that: (1) Cars.com, as a subsidiary, was not a proper party to bring suit on the agreement between Classified and Wrenchead and (2) the uncontroverted evidence established that the agreement had been mutually cancelled. In its opposition to Wrenchead's

motion, Cars.com identified a different Exhibit A, Classified's Standard Terms for Advertising, than the exhibit that Cars.com attached to its original complaint. (Id., ¶ 3). On April 25, 2005, the New York court granted Wrenchead's motion for summary judgment, finding that Cars.com lacked authority to bring suit in Classified's name. Given this finding, the New York court did not address the merits of Wrenchead's alternate argument. (Id., ¶ 9). On April 28, 2006, Classified filed the instant suit, alleging breach of the same agreement. (Id., ¶ 10). In this action, Classified has presented a third version of Exhibit A, its Standard Terms for Advertising. (Id., ¶ 3).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

Wrenchead argues that Classified's breach of contract is barred by the five-year statute of limitations. Classified argues that its claim is not time-barred because the ten-year statute of limitations applies. The parties agree that Illinois law is controlling.

The statute of limitations for written contracts is ten years after the cause of action accrued. *See* 735 ILCS 5/13-206. Actions on unwritten contracts, including oral contracts, are governed by a five-year statute of limitations. *See* 735 ILCS 5/13-205.

For purposes of the statute of limitations, "a contract is considered written for purposes of the statute of limitations if all essential terms are reduced in writing and can be ascertained from the instrument itself . . . If parol evidence is necessary to make the contract complete, then the contract must be treated as oral for purposes of the statute of limitations." *Toth v. Mansell*, 207 Ill. App. 3d 665, 669 (1990). In other words, if the existence of the contract or an essential term of the contract must be proven by parol evidence, the contract is deemed to be an oral contract; and the five-year statute of limitations applies. *See Armstrong v. Guigler*, 174 Ill. 2d 281, 294 (1996). The essential elements of a written contract are offer, acceptance, consideration, and definite and certain terms. *See Van der Molen v. Washington Mutual Finance, Inc.*, 359 Ill. App. 3d 813, 823 (2005).

Wrenchead argues that the present suit is time-barred based on the five-year statute of limitations because parol evidence is not only necessary to make the contract "complete" but to ascertain which of the various versions of the contract is purportedly in effect between the parties. Classified, while conceding that at least three different versions of its Standard Terms for Advertising may have been in existence at the time of contracting, argues that the essential elements of a written contract are included in the Insertion Order. However, contrary to this argument, in opposition to Wrenchead's alternate contention that the contract was cancelled, Classified relies on language in the Standard Terms for Advertising to demonstrate that the Insertion Order was non-cancelable. Classified concedes that as many as three different versions may have existed but contends that any differences are minor. In a footnote in Classified's response brief, Classified admits there is a question as to whether certain pages of the alleged contract attached to the most recent Complaint were provided to Wrenchead at the time of contracting, further calling into question the contract terms between the parties. Classified argues that this is not relevant or

material to the allegations in the Complaint. However, questions as to whether certain pages were included in the contract are inconsistent with Classified's argument that parol evidence is not required to determine the terms of the contract. It is also noted that the Insertion Order also specifically incorporates Exhibit A, the Standard Terms for Advertising, into the Insertion Order.

Based on the undisputed facts, parol evidence is required to determine which, if any, of the Standard Terms for Advertising are part of the contract between Classified and Wrenchead. This parol evidence is required to make the contract complete and to ascertain the essential terms of the contract. Accordingly, the five-year statute of limitations applies; and Classified's suit was not filed within the applicable statute of limitations period.[1]

For the foregoing reasons, Wrenchead's Motion for Summary Judgment is granted.

Dated: October 11, 2006

_____
JOHN W. DARRAH
United States District Court Judge

---

[1] In light of the Court's finding, the Court need not address Wrenchead's alternate argument.